UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DENNIS LOPEZ, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | 2:10 CV 277 |
| ) | |
| VALLUVAN JEEVANANDAM, M.D. and ) | |
| MELVIN R. FREMIT, P.A., ) | |
|     Defendants. ) | |

## OPINION and ORDER

This action was removed from state court pursuant to 28 U.S.C. §§ 1441(a) and 1446 on the basis of the parties' diverse citizenship, and is now before the court on plaintiff's motion to remand. (DE # 8.) Plaintiff concedes that the only two defendants remaining in this case are of diverse citizenship, and that the amount-in-controversy requirement is met, but contends that defendants removed the case more than a year after it was commenced in state court, making the removal improper. 28 U.S.C. § 1446(b) ("a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."). As it turns out, the first half of plaintiff's contention is correct; but the conclusion plaintiff draws therefrom is not.

The sequence of relevant events is as follows. The case was commenced in state court on July 17, 2007. On May 20, 2008, the state court stayed the case. The stay was lifted on April 29, 2010. On June 15, 2010, all non-diverse defendants were dismissed

from the case. On July 7, 2010, the two remaining defendants removed the case to this court. On September 24, 2010, plaintiff filed the motion to remand addressed herein.

In his motion to remand, plaintiff contends that because the action was commenced in state court on July 17, 2007, pursuant to the one-year limit in 28 U.S.C. § 1446(b) it became non-removable after July 17, 2008, making removal on July 7, 2010 "woefully delinquent." (DE # 8 at 5, ¶ 11.)

Defendants argue, without any supporting authority, that they are entitled to equitable tolling for the time when the state court action was stayed, making their notice of removal, filed within 30 days of the event that created diversity, timely. However, even were the court to accept this proposition (and, as it turns out, it is not necessary to do so), the removal was too late. The case was commenced on July 17, 2007, and not stayed until May 20, 2008. Thus, 309 days of the one-year period elapsed, and only 56 days remained. The clock began running again when the stay was lifted on April 29, 2010. Defendants did not remove the case until July 7, 2010, which is 70 days later. That is eleven days past the one-year deadline.

Defendants have a fallback position, however. They argue that their filing a late notice of removal doesn't matter, because plaintiff himself was late in objecting. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Here, plaintiff filed his motion to remand on September 24, 2010, which was 80 days after defendants' notice of removal. The Court of Appeals for the Seventh

2

Circuit has held that when a removal is procedurally defective, the defect is waived unless a timely motion to remand is filed: even if the case could have been remanded, if 30 days passes without a motion to remand and "'the problem does not imperil subject-matter jurisdiction—the case is in federal court to stay.'" *Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010) (*quoting Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003)).

Plaintiff's comeback is that the problem here *does* imperil subject-matter jurisdiction. Plaintiff argues that the one-year deadline for removal in 28 U.S.C. § 1446(b) is a limitation on subject-matter jurisdiction, and so the defect may be objected to at any time. In making this argument, plaintiff relies on district court cases which did not have the holding affirmed on appeal, and so are of no precedential or persuasive value. *See United States v. Taylor*, 2011 WL 1304918 at *9 n.1 (Manion, J., concurring). Neither the Seventh Circuit nor the Supreme Court has directly addressed the issue. The Supreme Court has, however, assumed that the matter is procedural, and not a jurisdictional defect. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 75 n. 13 (1996) (noting that one-year deadline was not raised on appeal or in brief opposing petition for *certiorari*, and that non-jurisdictional arguments may be deemed waived). Moreover, every circuit court of appeals which has addressed the issue has found the one-year deadline procedural, not jurisdictional. *Music v. Arrowood Indemnity Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (collecting cases).

Decisions from other circuit courts should be respectfully considered, given substantial weight and followed when possible to avoid unnecessary inter-circuit

3

conflict. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987); *Richards v. Local 134, Int'l Bhd. of Elec. Workers*, 790 F.2d 633, 636 (7th Cir. 1986). Given the Supreme Court's assumption in *Caterpillar*, this case falls squarely within that principle. Accordingly, the court holds that the one-year limit on removing diversity cases in 28 U.S.C. § 1446(b) is procedural, and not a limit on the court's subject-matter jurisdiction. For that reason, plaintiff's motion to remand (DE # 8) is **DENIED**. Further, the caption of this case is now **AMENDED** as reflected in this order, by replacing the "John Doe" defendants with the actual names of the two remaining defendants.

**SO ORDERED.**

Date: June 15, 2011

       s/James T. Moody  
       JUDGE JAMES T. MOODY  
       UNITED STATES DISTRICT COURT